**Thaddeus P. Mikulski, Jr. (7141983)**
116 Washington Crossing Road
Pennington, NJ 08534
(609) 303-0222
tpm@mikulskilaw.net
Attorney for Plaintiff, Melissa Sylvestre

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **Melissa Sylvestre** | **Civil Action** |
| **Plaintiff** | **Docket No:** |
| **vs.** | **Complaint and Jury Demand** |
| **Holy Name Medical Center** | |
| **Defendant** | |

**INTRODUCTION**

Plaintiff, Melissa Sylvestre, brings this action pursuant to the Family and Medical Leave Act 29 U.S.C. §§ 2601 et seq. ("FMLA") seeking redress for Defendant's unlawful interference with her FMLA rights and wrongful discharge of her employment in violation of the terms of the Act and pursuant to the New Jersey Law Against Discrimination N.J.S.A. §§ 10:5-1 et. seq. for Defendant's unlawful decision to terminate her employment rather than accommodate her request for disability leave in violation of the terms of the Act.

## PARTIES

**1.** Plaintiff, Melissa Sylvestre, is an individual residing at 833 Main Street, Belleville, New Jersey.

**2.** Defendant, Holy Name Medical Center, is a hospital located in Teaneck, New Jersey.

## JURISDICTION

**3.** This Court has jurisdiction of Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

**4.** Venue in this action lies in the District of New Jersey pursuant to 28 USC § 1391(b), as the actions and omissions of Defendant giving rise to the claims occurred in this District and the Defendant operates a health care facility in this District.

## FACTS

**5.** Plaintiff began employment with defendant, Holy Name Medical Center, as a perinatal safety nurse on November 11, 2024.

**6.** In March 2026, plaintiff was advised by her medical provider that she should take a period of leave for treatment of a serious medical condition. Plaintiff requested FMLA paperwork on March 18, 2026 from defendant's Human Resources Department. On March 20, 2026 plaintiff advised her

supervisor, Angela Mercado, by email that she had contacted Human Resources regarding a leave of absence. On March 25, 2026 plaintiff advised her supervisor, Angela Mercado, by email that she was out of the office dealing with a health matter and she would be submitting medical leave paperwork to the Human Resources Department.

**7.** As requested by the Human Resources Department, plaintiff obtained an FMLA certification form signed by her medical provider. On April 6, 2026 Plaintiff sent email to Sarah Houston in the Human Resources Department stating

> *Once my provider completes the paperwork for FMLA, who do I send it back to?*

Sarah Houston responded

> *You can email it to me. Do you know when they will have the paperwork completed?*

Plaintiff responded

> *It is completed. I will send the other forms as well. Thank you.*

Plaintiff then sent the completed form to Sarah Houston.

**8.** Later on April 6, 2026, plaintiff was asked to participate in a phone conference with Sarah Houston and Jeffrey Gutierrez, in which conference Jeffrey Gutierrez advised plaintiff: *Thank you for the form but it is too late. You are terminated.*

**COUNT ONE**

**WRONGFUL INTERFERENCE WITH PLAINTIFF'S RIGHTS UNDER THE FMLA**

**9.** Plaintiff repeats the allegations of Paragraphs 1 through 8.

**10.** Holy Name Medical center is an "employer" as that term is defined by the FMLA as it has been engaged in commerce or in an industry affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

**11.** Plaintiff is an "eligible employee" as that term is defined by the FMLA. She was employed for at least 1,250 hours of service during the 12 months preceding her leave request and was employed at a worksite where 50 or more employees are employed within 75 miles of the worksite.

**12.** Plaintiff was entitled to take FMLA leave and provided sufficient notice of her intent to take leave to the defendant.

**13.** The defendant terminated plaintiff from her employment instead of granting her leave.

**14.** The termination of Plaintiff's employment constitutes unlawful interference with her rights under the Family Medical Leave Act and retaliation for her request for FMLA leave.

**15.** Defendant's termination of her employment was motivated by

and causally connected to her protected activities under the FMLA.

**16.** Defendant's conduct was willful, intentional, and malicious.

**17.** As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has suffered and will continue to suffer loss of income, fringe benefits, bonuses, retirement and welfare benefits provided by Defendant to its employees, as well as emotional distress, humiliation, embarrassment, disruption to her personal and professional life and other damages.

**WHEREFORE,** plaintiff requests that this Court entered judgment in favor of plaintiff and against defendant and grant the following relief:

Award plaintiff her lost wages salary employment benefits and other economic compensation denied or lost, past and future;

Award plaintiff reinstatement and salary increase or, in lieu of thereof, front pay and benefits

Award plaintiff liquidated damages

Award plaintiff her reasonable attorney's fees expert fees cost and pre-and post-judgment interest

Award declaratory and injunctive and equitable relief against defendants; and

Grant such other and further relief as the Court deems just and proper under the circumstances.

## COUNT TWO

## WRONGFUL DISCHARGE IN VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION

**18.** Plaintiff repeats the allegations of Paragraphs 1 through 17.

**19.** Defendant terminated Plaintiff rather than accommodate her reasonable request for disability leave. Defendant's termination of the employment of Plaintiff constitutes a violation of the New Jersey Law Against Discrimination, as a direct and proximate result of which the Plaintiff suffered economic injury, humiliation, anguish, embarrassment, emotional and mental distress and other damages.

**20**. The willful and deliberate discriminatory acts of Defendant were outrageous and beyond all bounds of decency, justifying the imposition of punitive damages.

**21.** The conduct of Defendant and its managers warrants an award of punitive damages as the willful participation of upper management justifies the imposition of punitive damages for the Defendant's reckless indifference to the rights of Plaintiff.

**WHEREFORE,** Plaintiff, Melissa Sylvestre, demands judgment against Defendant, Holy Name Medical Center, for compensatory damages, including damages for emotional distress, personal injury, back pay, front pay, consequential damages, punitive damages, pre-judgment interest, enhancements for tax consequences, reasonable attorney's fees enhanced

under the New Jersey Law Against Discrimination, costs of suit, and any other relief this Court deems just.

**JURY DEMAND**

Plaintiff, Melissa Sylvestre, hereby demands a trial by jury as to all issues.

Dated: October 22, 2026

s/*Thaddeus P. Mikulski, Jr.*
Thaddeus P. Mikulski, Jr.